## Nick Romeo, Administrator, Appellee, v. Western Coal and Mining Company, Appellant.

This case is controlled by the decision in Romeo v. Western Coal & Mining Co., 157 Ill. App. 67.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Williamson county; the HON. W. W. DUNCAN, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 21, 1912.

WILLIAM H. WARDER and WHITNEL, BROWNING & GILLESPIE, for appellant.

BENJAMIN W. POPE and WILLIAM W. CLEMENS, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from a judgment of $1,000 in favor of appellee, in a suit brought by the latter to recover damages for the benefit of the next of kin of Bruno Gareffa, who is alleged to have lost his life while in the employ and by reason of the negligence of appellant.

The immediate cause of his death was a fall of rock or slate from the roof of the mine at a place where he was engaged with other men removing rock, slate and other debris, which had previously fallen in an entry.

This case has been in this court once before where a judgment in favor of appellee was reversed and the cause remanded on account of errors in instructions. Romeo v. Western Coal & Mining Co., 157 Ill. App. 67. The opinion in that case contains a statement of the allegations of the three counts of the declaration, and also of the essential facts as they appeared upon that trial. Upon the last trial in the court below there was

no amendment of the declaration but the errors in instructions upon which the former reversal was based, were fully obviated.

Upon this appeal only two reasons are urged by appellant why the judgment should be reversed. One is, that there was no obligation on the part of the master to exercise reasonable care in furnishing Gareffa a reasonably safe place in which to work, because he was at the time he was injured, engaged in the work of making a dangerous place safe. The other is because there was no evidence in the case tending to prove a negligent order on the part of appellant to Gareffa, to do the work in which he was engaged at the time he was injured.

In regard to the first point we said, when the case was here before: "The deceased was one of the rock gang and had nothing to do with timbering and putting up supports and while there seemed to be a division of labor between the men who cleaned up and those who timbered and put up the supports, the main purpose of both kinds of labor, as the evidence tends at least to show, was to make the place where the fall had occurred safe. * * * As the evidence tended to show that deceased was so engaged in assisting to make the place safe at the time he was killed, appellant had the right to have the court instruct the jury as to the question of its liability in such case."

What is above said will apply with equal force to the facts shown on the last trial but on that trial the jury were correctly instructed upon the question of the liability of appellant in such case, and as the question was one of fact for the jury under proper instructions, we do not feel warranted in disturbing their verdict in that regard.

In regard to the second question raised by appellant we were of opinion on the former trial that there was no evidence of a negligent order; that there was in fact

no order of any kind given to the deceased; and that therefore the modification of an instruction by the court which submitted the question whether there was a negligent order to the jury, was erroneous. Upon the last trial we find evidence pertaining to this subject as follows: A witness who was present at the time, Samuel Short, stated that the pit boss was a man named John Burk; that he heard Burk tell the men to go to work and clean up the fall; that while the roof in question was being sounded the men were "a little bit leery" and did not take hold to do the work; that he did not know whether Gareffa was one of them or not but "it was those Italians, the rock men, and Mr. Burk told them to go to work. 'It is all right, I will watch it' or something like that, and he put the men to work." Gareffa was one of the rock gang and the proof plainly shows was one of those included in the order to go to work. We are therefore of opinion that on this trial there was proof tending to sustain the charge of appellee that at the time of his injury Gareffa was acting under a negligent order of appellant.

No errors appear to us to have been committed upon the trial of the cause and the judgment of the court below is therefore affirmed.

*Judgment affirmed.*